Ray Bourhis (SBN 53196)
legaladmin@bourhislaw.com
Matthew Bourhis (SBN 319382)
matthew.bourhis@bourhislaw.com
Ritsa Gountoumas (SBN 316713)
ritsa.gountoumas@bourhis.law.com
**BOURHIS LAW GROUP, P.C.**
1808 Wedemeyer Street
San Francisco, CA 94129
Tel. (415) 392-4660
Fax. (415) 421-0259

Attorneys for Plaintiff
RANDALL L. MALAN, D.D.S., M.S.

Cindy M. Rucker (SBN 272465)
crucker@maynardcooper.com
**MAYNARD, COOPER & GALE, LLP**
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel. (323) 987-3356
Fax. (205) 254-1999

Attorneys for Defendant
GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| RANDALL L. MALAN, D.D.S., M.S., | ) |
| Plaintiff, | ) CASE NO. 1:22-cv-00100-JLT-BAM |
| vs. | ) **JOINT STIPULATION EXTENDING TIME FOR DEFENDANT GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY TO RESPOND TO COMPLAINT; ORDER** |
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | ) |
| Defendant. | ) Action Filed: January 24, 2022 |

1
**JOINT STIPULATION EXTENDING TIME FOR DEFENDANT GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY TO RESPOND TO COMPLAINT; ORDER**

1   Plaintiff RANDALL L. MALAN, D.D.S., M.S. ("Dr. Malan") and Defendant GREAT-WEST
2   LIFE & ANNUITY INSURANCE COMPANY ("Great-West"), by and through undersigned counsel,
3   hereby stipulate as follows:
4   WHEREAS, on December 15, 2021, Great-West initiated a lawsuit against Dr. Malan in the
5   United States District Court for the District of Colorado, Case No. 1:21-cv-03367-RMR-STV (the
6   "Colorado Lawsuit") seeking, *inter alia*, a declaration that Dr. Malan is not disabled and entitled to
7   benefits under his Great-West group disability income protection insurance certificate—Certificate No.
8   159880270 (the "Certificate");
9   WHEREAS, on January 24, 2022, Dr. Malan initiated the above-captioned lawsuit against Great-
10  West in the United States District Court for the Eastern District of California (the "California Lawsuit")
11  alleging, *inter alia*, that Great-West breached the Certificate in denying Dr. Malan's claim for disability
12  benefits, and further alleging that Great-West acted in an unreasonable and vexatious manner in handling
13  and denying Dr. Malan's claim (*see* Doc. 1);
14  WHEREAS, the Proof of Service of Summons in the California Lawsuit reflects that Great-West
15  was served with the Complaint on January 26, 2022 (*see* Doc. 4), and Great-West's responsive pleading
16  is therefore due on or before February 16, 2022 per Fed. R. Civ. P. 12(a)(1)(A)(i);
17  WHEREAS, on February 1, 2022, Dr. Malan filed a motion to dismiss in the Colorado Lawsuit
18  (the "Motion to Dismiss"), asserting that case should be dismissed as an improper anticipatory action,
19  and also because the court lacks personal jurisdiction over Dr. Malan;
20  WHEREAS, Great-West has informed Dr. Malan that it intends to file a motion to dismiss, stay,
21  or transfer in the California Lawsuit based upon the "first-filed rule"—*see, e.g.*, *Pacesetter Sys., Inc. v.*
22  *Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) (explaining first-filed rule is "a generally recognized
23  doctrine of federal comity which permits a district court to decline jurisdiction over an action when a
24  complaint involving the same parties and issues has already been filed in another district");
25  WHEREAS, in an effort to avoid the expenses associated with briefing Great-West's anticipated
26  motion, and to conserve other resources, the Parties agree to a stay of Great-West's deadline to respond
27  to the Complaint in the California Lawsuit until twenty-one (21) days after Dr. Malan's Motion to
28

Dismiss is ruled upon in the Colorado Lawsuit, as such a ruling will necessarily impact how the California Lawsuit proceeds, if at all;

WHEREAS, this is the first extension of time requested for Great-West to file a responsive pleading, and Great-West has not previously received any extension to respond to the Complaint; and

WHEREAS, the filing of this Joint Stipulation does not constitute a waiver of any defenses that Great-West may have in this matter.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Dr. Malan and Great-West, through their respective counsel, that Great-West's new deadline to respond to Dr. Malan's Complaint (Doc. 1) shall be twenty-one (21) days after Dr. Malan's Motion to Dismiss is ruled upon in the Colorado Lawsuit. Pursuant to L.R. 137 and L.R. 144, a proposed order approving this extension is contained within this Joint Stipulation.

**IT IS SO STIPULATED:**

DATED: February 11, 2022          BOURHIS LAW GROUP, P.C.,

                                  By: */s/ Ritsa Gountoumas (w/ permission)*
                                       RITSA GOUNTOUMAS

                                       Attorneys for Plaintiff RANDALL L.
                                       MALAN, D.D.S., M.S.

DATED: February 11, 2022          MAYNARD, COOPER & GALE, LLP,

                                  By: */s/ Cindy M. Rucker*
                                       CINDY M. RUCKER

                                       Attorneys for Defendant GREAT-WEST LIFE
                                       & ANNUITY INSURANCE COMPANY

**JOINT STIPULATION EXTENDING TIME FOR DEFENDANT GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY TO RESPOND TO COMPLAINT; ORDER**

## ORDER

Pursuant to the Parties' Joint Stipulation, **IT IS SO ORDERED**. Defendant Great-West Life & Annuity Insurance Company shall respond to Dr. Malan's Complaint (Doc. 1) in the above-captioned lawsuit within twenty-one (21) days after the U.S. District Court for the District of Colorado issues a final ruling on Dr. Malan's Motion to Dismiss in Case No. 1:21-cv-03367-RMR-STV. The parties shall file a joint status report every ninety (90) days informing this Court of the status of the Colorado case.

IT IS SO ORDERED.

Dated:   **February 11, 2022**          /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE

**JOINT STIPULATION EXTENDING TIME FOR DEFENDANT GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY TO RESPOND TO COMPLAINT; ORDER**

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
COUNTY OF SAN FRANCISCO        )

    I am employed in the County of San Francisco, State of California.  I am over the age of 21 and am not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, Two Embarcadero Center, Suite 1450, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**JOINT STIPULATION EXTENDING TIME FOR DEFENDANT GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY TO RESPOND TO COMPLAINT; [PROPOSED ORDER]**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

    Ray Bourhis (SBN 53196)
    legaladmin@bourhislaw.com
    Matthew Bourhis (SBN 319382)
    matthew.bourhis@bourhislaw.com
    Ritsa Gountoumas (SBN 316713)
    Ritsa.gountoumas@bourhis.law.com
    **BOURHIS LAW GROUP, P.C.**
    1808 Wedemeyer Street
    San Francisco, CA 94129
    Tel. (415) 392-4660
    Fax. (415) 421-0259

[x]    **BY CM/ECF ELECTRONIC SERVICE:** The following are registered CM/ECF users with the Court and have consented to service through the Court's automatic transmission of a notice of electronic filing.

    I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on February 11, 2022, in San Francisco, California.

                                 _____
                                 Sam Roberson

**JOINT STIPULATION EXTENDING TIME FOR DEFENDANT GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY TO RESPOND TO COMPLAINT; ORDER**